# EXHIBIT B
# 1:22-CV-00820

7/8/2022 10:24 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-003093
Victoria Benavides

D-1-GN-22-003093

CAUSE NO. _____

| | | |
|---|---|---|
| **ERIKA CERVANTES,** *Plaintiff,* | § § § | IN THE DISTRICT COURT 126TH, DISTRICT COURT |
| V. | § § | \_\_\_\_ JUDICIAL DISTRICT |
| **SAM'S EAST, INC.,** *Defendant.* | § § | OF TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** ERIKA CERVANTES (hereinafter sometimes "Plaintiff"), complaining of and about SAM'S EAST, INC. (hereinafter sometimes called by name or "Defendant"), and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.1.   Plaintiff intends to pursue this as a Level 3 case. Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff respectfully requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date or trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; (iii) deadlines for amending or supplementing pleadings; (iv) deadlines for filing affidavits pursuant to CPRC § 18.001; and (v) deadlines for designating expert witnesses.

### II.
### PARTIES AND SERVICE

2.1.   Plaintiff, ERIKA CERVANTES (hereinafter sometimes "Erika"), is an individual who is a resident and citizen of Austin, Texas. Pursuant to CPRC § 30.014, the last three digits

of Plaintiff's driver's license number are XXX, and the last three digits of her social security number are XXX.

2.2. Defendant SAM'S EAST, INC., is an Arkansas for-profit corporation. Defendant SAM'S EAST, INC. may be served with process by serving the registered agent of said company, as follows: <u>SAM'S EAST, INC., via its registered agent, CT CORPORATION SYSTEM, at 1999 BRYAN STREET, STE. 900, DALLAS, TEXAS 75201</u>. **CITATION IS REQUESTED.**

### III.
### JURISDICTION AND VENUE

3.1. The subject matter in controversy is within the jurisdictional limits of this court.

3.2. As required by Rule 47(c), TEXAS CIVIL PRACTICE AND REMEDIES CODE, Plaintiff's counsel states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, and Plaintiff demands judgment for all the other relief to which she is deemed entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate and as allowed by law.

3.3. This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.4. Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

3.5.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

3.6.  Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code.

3.7.  Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

4.1.  On or about Friday, July 10, 2020, at or around 6:15 PM, Erika was shopping at the Sam's Club store located at 9700 N Capital of Texas Hwy, Austin, TX 78759, in Travis County, Texas ("Sam's Club" or "Subject Premises") during normal business hours.

4.2.  Based on information and belief, the Sam's Club where Erika was shopping at all relevant times is commonly known as SAM'S CLUB and/or AUSTIN SAM'S CLUB and/or SAM'S CLUB #6453 and is owned, managed, and/or operated by Defendant SAM'S EAST, INC.

4.3.  Based on information and belief, as Erika was shopping at the subject Sam's Club at or near aisle 12, Erika suddenly, unexpectedly, and without warning, slipped on a foreign transitory substance on the floor of the shopping center causing her to fall and forcefully strike the ground with her body.

4.4.  After her fall Erika could see that the foreign transitory substance that caused her to fall appeared to be a large puddle of liquid detergent that was on the floor.

4.5. At all times material hereto, there were no signs or other warnings posted to alert Erika of the danger posed by the slippery foreign transitory substance on the floor that caused her to slip and fall.

4.6. As a result of the fall Erika sustained personal injuries including, but not limited to, injuries to her low back and left knee, among other injuries.

4.7. Following her fall Erika sought and received medical treatment for her physical harms. Erika's doctor identified several injuries which required medical treatment.

4.8. Based on information and belief, at all times material hereto, Defendant was the owner and/or possessor and/or managing entity in control of the subject premises. Further, at all times material hereto, Defendant's premises was open to the public for transacting business.

4.9. As the owner and/or possessor, Defendant owed Plaintiff and others a duty to maintain the subject premises in a condition that would not pose an unreasonable of harm, including the area where Plaintiff was injured.

4.10. Defendant, as owner, possessor, controller, occupier, and/or agent of said owner, possessor, controller, and/or occupier of the premises owed Plaintiff a duty to exercise reasonable care for her safety.

4.11. All of Erika's injuries occurred as a direct result of the fall inside the Sam's Club that was proximately caused by the dangerous condition described herein, which Defendant knew or, in the exercise of ordinary care, should have known existed and failed to take reasonable action in response thereto.

## V.
## PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR

5.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-4.11 above as if same were set forth at length herein.

5.2. Based on information and belief, at the time of Erika's fall and her resulting injuries and immediately prior thereto, various managers and employees were acting within the course and scope of their employment for Defendant.

5.3. At the time of Erika's fall and her resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in the furtherance of Defendant's business.

5.4. At the time of Erika's fall and her resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in accomplishing a task for which they were employed by Defendant.

5.5. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant.

5.6. Defendant, by and through its agents, servants, and employees, based on information and belief is liable to Erika for failing to furnish sufficient warnings to make her aware of the location of the slippery foreign transitory substance on the floor inside of the Sam's Club, and for failing to exercise reasonable care for Erika's safety.

## VI.
## PREMISES LIABILITY

6.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-5.6 above as if same were set forth at length herein.

6.2. Based on information and belief, Defendant, at the time of the incident complained of herein, owned, possessed, and/or maintained control of the subject premises

and, as such, owed to Plaintiff a non-delegable duty to maintain its premises in a safe condition.

6.3.   Moreover, upon information and belief, Defendant, as owner and/or possessor and/or as agent of said owner and/or possessor of said premises, knew or should have known of the unreasonably dangerous condition created by the slippery substance on the floor of the subject Sam's Club, and Defendant neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

6.4.   Erika did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to her fall.

6.5.   Defendant's creation of the dangerous condition, failure to correct or barricade the condition, and/or failure to warn Plaintiff of the condition, in a reasonably timely manner, constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

## VII.
## PROXIMATE CAUSE

7.1.   Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-6.5 above as if same were set forth at length herein.

7.2.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES FOR PLAINTIFF

8.1.   Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-7.2 above as if same were set forth at length herein.

8.2. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Erika suffered serious physical harms and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the Court:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Mental anguish in the past;

e. Physical impairment in the past;

f. Disfigurement in the past;

g. Lost wages in the past;

h. Physical pain and suffering in the future;

i. Mental anguish in the future;

j. Physical impairment which, in all reasonable probability, will be suffered in the future;

k. Disfigurement in the future; and

l. Lost wages and/or loss of earning capacity which, in all reasonable probability, will be suffered in the future.

8.3. Plaintiff reserves the right to add to the list of damages that is set forth above upon further investigation.

8.4. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court.

## IX.
## MISNOMER, ALTER-EGO and ASSUMED NAME

9.1. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties' names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendant herein.

## X.
## DISCOVERY

10.1. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose, within thirty (30) days after the filing of the first answer, the information and material described in Rules 194.2(b), 194.3, and 194.4 of the Texas Rules of Civil Procedure.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ERIKA CERVANTES, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Geoffrey E. Schorr*
Geoffrey E. Schorr
Texas Bar No. 24029828
geoff@schorrfirm.com
A. Jared Aldinger
Texas Bar No. 24068456
jared@schorrfirm.com
Hutton W. Sentell
Texas Bar No. 24026655
hutton@schorrfirm.com

**SCHORR LAW FIRM, PC**
328 W. Interstate 30, Suite 2
Garland, TX 75043
Tel. (972) 226-8860
Fax. (972) 226-9787

**ATTORNEYS FOR PLAINTIFF**